## EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CYBER LITIGATION INC.,[1] | Bankr. No. 20-12702 (CTG) |
| Debtor. | |
| DRIVETRAIN, LLC, in its capacity as Trustee of the Cyber Litigation Trust, | |
| Plaintiff, | |
| vs. | Adv. No. 24-50180 (CTG) |
| ADAM P. ROGAS, | **Re: D.I. 23, 24, 25, 26, 27, 29, ___** |
| Defendant. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH RESPECT TO
PLAN TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

The Court has considered the *Plan Trustee's Motion for Summary Judgment* [Adv. D.I. 23] (the "Motion[2]"), the opposition [Adv. D.I. 25], the reply [Adv. D.I. 29], and the supplemental letter briefing [Adv. D.I. ●]. The Court held a hearing on the Motion on November 18, 2025, and a status conference on February 12, 2026 (together, the "Hearing"). The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2); venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion was adequate and appropriate under the circumstances. For the reasons stated

---

[1] The Debtor and the last four digits of its federal taxpayer identification number are as follows: Cyber Litigation Inc. (6056). The notice address for the Debtor is Cyber Litigation Inc., PO Box 34120, Las Vegas, NV 89133.

[2] Capitalized terms used but not defined in this Order have the meanings given to them in the Motion.

on the record at the Hearing [and in the Court's *Letter Ruling Regarding Motion for Summary Judgment* [Adv. D.I. ●] (the "Letter Opinion")],

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW AND IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:[3]

1.      Final judgment is entered, and the Motion is granted in part and denied in part, as follows:

a.      Partial summary judgment on the First and Second Causes of Action is entered in favor of Plan Trustee and against Defendant for avoidance and recovery of Tender Offer Proceeds in the amount of $17,542,458, plus Employment Proceeds in the amount of $829,755.55.

b.      Partial summary judgment on the Fifth Cause of Action is entered in favor of Plan Trustee and against Defendant for breach of fiduciary duty in the amount of $80,390,287.91.

c.      Summary judgment on the Third, Fourth, Sixth, Seventh, and Eighth Causes of Action is denied as moot.

d.      The Court determines, pursuant to Fed. R. Civ. P. 54(b), made applicable by Bankruptcy Rule 7054, that there is no just reason for delay with respect to the entry of final judgment on the First, Second, and Fifth Causes of Action. Those claims are ready for appeal in light of judicial administrative interests and the equities involved, consistent with the Court's disposition of claims asserted by Plan Trustee against DDE Partners, LLC, *et al*. (Adv. Pro. Nos. 22-50439, 22-50441, and 22-50443), and Anthony Dawson (Adv. Pro. No. 24-50177), and for the reasons set forth in [the Letter Opinion,] *In re Cyber Litig., Inc.*, No. 20-12702, 2023 WL 6938144

---

[3]The findings and conclusions set forth in this Order constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

(Bankr. D. Del. Oct. 19, 2023) (the "DDE Opinion"), and *Drivetrain LLC v. Dawson (In re Cyber Litig. Inc.)*, No. 24-50177, 2026 WL 1376140 (Bankr. D. Del. May 15, 2026).

      e.      Plaintiff expressly consented to the entry of final judgment by this Court. Adv. D.I. 1, paragraph 8. Although Defendant did not consent to the entry of final judgment under Local Rule 7012-1, the Court may enter findings of fact and conclusions of law for *de novo* review. *See* DDE Opinion, at *n. 41. Accordingly, the Court enters these findings of fact and conclusions of law as final judgment in favor of Plan Trustee and against Defendant on the First, Second, and Fifth Causes of Action in the aggregate amount of $98,762,501.46 (representing the aggregate amount set forth in Paragraphs 1(a) and 1(b) *supra*, the "Final Judgment").

      f.      Plan Trustee shall be entitled to pre-judgment interest calculated at 4.24% (representing the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the Complaint's filing date) from October 28, 2024 until the Final Judgment is entered.

      g.      Plan Trustee shall be entitled to post-judgment interest calculated at [3.90]% (representing the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the Final Judgment date) from the date hereof until the Final Judgment is paid in full.

2.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and enforcement of this Order.